**UNITED STATES of America**

v.

**Christopher COYNE.**

**Magistrate Judge No. 92–0906RC.**

United States District Court,
D. Massachusetts.

Sept. 25, 1992.

Michael Pelgro, Asst. U.S. Atty., Ralph Boyd, Boston, Mass., for plaintiff.

William J. O'Hare, Peabody, Mass., for defendant.

MEMORANDUM AND ORDER PURSUANT TO 18 U.S.C. § 3142(e) AFTER HEARING HELD PURSUANT TO 18 U.S.C. § 3142(f)

COLLINGS, United States Magistrate Judge.

The defendant is charged in a Complaint issued on September 10, 1992 charging him

with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and knowingly possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The defendant was arrested on September 11, 1992 and was brought before me for an initial appearance. The Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C)(D); the motion was allowed. The Government moved for a continuance; that motion was allowed. The detention hearing was held on September 18 and 21, 1992. The defendant was present represented by counsel.

■ After hearing, I find that no condition or combination of conditions of release will reasonably assure that the defendant will not be a danger to the safety of other persons and the community. I base this finding on the following facts which have been proven by clear and convincing evidence.

On December 27, 1988, the defendant was charged in the Salem District Court with two charges of assault and battery on a police officer and one charge of assault and battery with a dangerous weapon. He was convicted of those offenses on April 13, 1989. Those offenses are state offenses which are "crimes of violence" as described in 18 U.S.C. § 3142(f)(1)(A) if circumstances giving rise to federal jurisdiction had existed. Five years since the date of conviction for those offenses, i.e., April 13, 1989, has not yet elapsed.

At the time the defendant committed those offenses, i.e., on December 27, 1988, he was on release from a charge of violating the Abuse Prevention Act which had been lodged against him on October 4, 1988 and was pending until April, 1989.

On these facts, the first presumption codified in 18 U.S.C. § 3142(e) is applicable. That statute provides, in pertinent part:

In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section or of a State or local offense described in subsection (f)(1) of this section if circumstances giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

First, this is a "case described in subsection (f)(1) of this section ...". The first of the offenses with which the defendant is charged in the Complaint is a narcotics offense which carries a maximum penalty of more than ten years imprisonment. Thus, the instant case is a "... case described in subsection (f)(1)[C] of [§ 3142]". In addition, the defendant is charged in the Complaint with two felonies and the defendant has been convicted of at least two offenses described in subparagraphs (f)(1)(A) through (C) "if a circumstance giving rise to Federal jurisdiction had existed." The two charges of assault and battery on a police officer and the one charge of assault and battery with a dangerous weapon are crimes of violence as per 18 U.S.C. § 3142(f)(1)(A) and could have been brought in federal court if "circumstances giving rise to Federal jurisdiction had existed." Thus, the instant case is a "case described in subsection (f)(1)[D] of [§ 3142]".

Second, as noted *supra*, per 18 U.S.C. § 3142(e)(1), the conviction for those three offenses were convictions of "State ... offense[s] that would be an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed". In addition, as indicated, these crimes were committed at a time when the defendant was on release on a charge of violating the

Abuse Prevention Act, and five years has not elapsed since the conviction on the three offenses, i.e., April 13, 1989. 18 U.S.C. § 3142(e)(3).

Accordingly, the presumption is applicable. In applying the presumption, I am assuming that the First Circuit would construe the defendant's burden with respect to this presumption in the same manner as they construed the defendant's burden in cases involving the second presumption in section 3142(e) which arises when the Court finds probable cause to believe that a defendant committed a serious narcotics offense—that is, that the defendant bears only a burden of production. *See United States v. Jessup,* 757 F.2d 378, 381–6 (1 Cir., 1985).

I also assume that the Court of Appeals would apply to the first presumption the same type of analysis which it has applied to the second presumption arising in narcotics cases with respect to the weight to be accorded the presumption when the burden of production has been met. In the context of the presumption in narcotics cases, the Court of Appeals held in the case of *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1 Cir., 1987) that:

> ... [T]his presumption reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries. Forfeiture of even a large bond may be just a cost of doing business, and hence drug traffickers pose special flight risks.
>
> *     *     *     *     *     *
>
> ... [E]ven after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but rather retains some evidentiary weight—the amount depending on how closely defendant's case resembles the congressional paradigm ...—to be considered along with all other relevant factors.

*Palmer–Contreras, supra,* 835 F.2d at 17–18.

The Court of Appeals reaffirmed its holding in *Palmer–Contreras* just about a year ago in the case of *United States v. Dillon,* 938 F.2d 1412, 1415–1417 (1 Cir., 1991).

The first presumption reflects Congress' view that persons charged with a seriously dangerous offense who have in the past been convicted of committing another serious crime while on pretrial release are dangerous. As the legislative history of the first presumption states:

> The first of these [presumptions] arises when it is determined that a person charged with a seriously dangerous offense has in the past been convicted of committing another serious offense while on pretrial release. Such a history of pretrial criminality is, absent mitigating information, a rational basis for concluding that a defendant poses a significant threat to community safety and that he cannot be trusted to conform to the requirements of the law while on release.
>
> *     *     *     *     *     *
>
> The Committee believes that it is appropriate in such circumstances that the burden shift to the defendant to establish a basis for concluding that there are conditions of release sufficient to insure that he will not again engage in dangerous criminal activity pending his trial.

S.Rep. No. 225, 98th Cong., 1st Sess. 19 (1983) *reprinted in* 1984 U.S.Code Cong. & Adm.News, p. 3202.

I have grave doubts as to whether the defendant has met his burden of production, which, in this case, is a burden of producing evidence which could form the basis "... for concluding that there are conditions of release sufficient to insure that he will not again engage in dangerous criminal activity pending his trial." *Id.* But since the Court of Appeals has never determined what *quantum* of evidence the defendant must introduce to meet his burden of production [1], I shall assume, without deciding, that the defendant has met his burden of production in this case.

---

**1.** The only description is contained in the *Jessup* case where the Court notes that if the defendant has the burden of production, "... he would only have to introduce a certain amount of evidence contrary to the presumed fact ..." *United States v. Jessup, supra,* 757 F.2d at 380. What quantum of evidence is a "certain amount" is not clear.

However, I still give substantial weight to the presumption because the defendant's case is very close to the Congressional paradigm. The defendant is only thirty years old and yet he has been convicted of some form of assault charges on *eleven* occasions in the last eleven years. In October of 1981 he was convicted of assault and battery with a dangerous weapon. In July of 1982 he was convicted of indecent assault and battery. In March of 1983 he was convicted of assault and battery with a dangerous weapon and assault with intent to rob. In July of 1985 he was convicted of assault and battery on a police officer and assault with a dangerous weapon. In April of 1986 he was convicted of assault and battery with a dangerous weapon. In 1989 he was convicted of assault and battery on a police officer (two counts), one count of threatening, and one count of assault and battery with a dangerous weapon. In addition, in 1992 he was convicted of illegal possession of ammunition. Three charges of assault and battery on a police officer are pending in the Salem District Court; these crimes are alleged to have been committed on July 27, 1992.

This record, together with the substantial weight which I give to the presumption, is clear and convincing evidence that there are no conditions or combination of conditions which would reasonably assure the safety of others and the community if the defendant is released. None of the other factors listed in 18 U.S.C. § 3142(g) which arguably are in the defendant's favor (his length of time in the community, community ties, his employment) even come close to tipping the balance toward release.

Accordingly, pursuant to Title 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charges contained in the Complaint. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).